# EXHIBIT "A"

 **ALACHUA** COUNTY

J.K. "JESS" IRBY, ESQ.
*CLERK OF THE CIRCUIT COURT AND COMPTROLLER*

 

eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 012022CA003561XXXXXX [56877924] | 11/09/2022 | | ALACHUA | CIRCUIT CIVIL | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 11/09/2022 | DISCRIMINATION EMPLOYMENT OR OTHER | YES | NO | - |

| | Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|---|
| | KEIM, DONNA MICHELLE | JUDGE | | |
| | OWENS, RENE | PLAINTIFF | LEE, KYLE JAMES | 105321 |
| | UNITED PARCEL SERVICE INC | DEFENDANT | JOHNSON, NANCY A | 597562 |

## Dockets

Page : 1   [ ] [ ]   ALL ⌄

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | | 05/01/2023 | DEFENDANT'S NOTICE OF SERVING RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION | 2 |
| 📄 | | 04/12/2023 | ORDER SETTING CASE MANAGEMENT CONFERENCE AND REQUIRING SUBMISSION OF CASE MANAGEMENT STATEMENT - 5/23/2023 @ 11:00 AM | 4 |
| 📄 | | 04/10/2023 | DEFENDANT'S NOTICE OF SERVING FIRST SET OF DISCOVERY TO PLAINTIFF | 2 |
| 📄 | | 03/14/2023 | PLAINTIFF'S NOTICE OF SERVONG FIRST SET OF DISCOVERY TO DEFENDANT | 2 |
| 📄 | | 01/19/2023 | ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL | 15 |
| 📄 | | 01/18/2023 | COVER LETTER | 1 |
| 📄 | | 01/17/2023 | ORDER GRANTING UNITED PARCEL SERVICE'S UNOPPOSED MOTION TO VACATE AND SET ASIDE DEFAULT | 2 |
| 📄 | | 01/13/2023 | DEFENDANT'S UNOPPOSED MOTION TO VACATE AND SET ASIDE CLERK'S DEFAULT (REOPEN) | 23 |
| 📄 | | 12/15/2022 | ENTRY OF DEFAULT ISSUED 12/16/2022 AS TO UNITED PARCEL SERVICE, INC / CMW | 1 |
| 📄 | | 12/15/2022 | PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST UNITED PARCEL SERVICE, INC | 2 |
| 📄 | | 11/23/2022 | VERIFIED RETURN OF SERVICE CORPORATE SERVED 11/15/2022 AS TO UNITED PARCEL SERVICE INC (DEFENDANT); | 2 |
| | | 11/10/2022 | FORFEIT FS 28.244 Receipt: 493233 Date: 11/10/2022 | |
| | | 11/09/2022 | SUMMONS ISSUED | 1 |
| 📄 | 1 | 11/08/2022 | COMPLAINT Receipt: 493146 Date: 11/09/2022 | 12 |
| 📄 | 3 | 11/08/2022 | STANDING CASE MANAGEMENT ORDER PER A.O. 3.09 | 4 |
| 📄 | 2 | 11/08/2022 | CIVIL COVER SHEET - JURY TRIAL REQUESTED | 3 |
| 📄 | 4 | 11/08/2022 | SUMMONS UNISSUED - WITH FEE(CLERK UNABLE TO ISSUE: SUMMONS DOES NOT COMPLY WITH FORM 1.902(A), FLORIDA RULES OF CIVIL PROCEDURE, (CORPORATE SUMMONS). Receipt: 493146 Date: 11/09/2022 | 1 |

| Judge Assignment History | |
|---|---|

| Court Events | |
|---|---|

| Financial Summary | |
|---|---|

| Reopen History | |
|---|---|

# IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
# IN AND FOR ALACHUA COUNTY, FLORIDA
# CIVIL DIVISION

RENE OWENS,                                    Case Number:01 2022 CA 003561

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendant.

_____/

## Summons

To:   **UNITED PARCEL SERVICE, INC.,**
      **c/o: CORPORATION SERVICE COMPANY**
      **1201 HAYS STREET**
      **TALLAHASSEE, FL 32301-2525**

**YOU ARE HEREBY SUMMONED** and required to serve on Plaintiff's Attorney

         Kyle Lee, Esq.
         1971 West Lumsden Road
         Suite 303
         Brandon, Florida 33511

an answer to the complaint which is served upon you with this summons, within 20 days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint.  Any answer that
you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

# CLERK UNABLE TO ISSUE

Clerk _____    Date

**SUMMONS DOES NOT COMPLY WITH FORM 1.902(A), FLORIDA RULES OF CIVIL
PROCEDURE, (CORPORATE SUMMONS).**

_____
(By) Deputy Clerk

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

<hr>

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>   COUNTY, FLORIDA

<u>Rene Owens</u>
Plaintiff                                                    Case # _____
                                                               Judge _____

vs.
<u>United Parcel Service, Inc.</u>
 Defendant

<hr>

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☒  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☐  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Kyle James Lee</u>        Fla. Bar # <u>105321</u>
      Attorney or party                  (Bar # if attorney)

<u>Kyle James Lee     </u>        <u>11/08/2022</u>
 (type or print name)            Date

- 3 -

THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA
ADMINISTRATIVE ORDER NO. 3.09

**STANDING CASE MANAGEMENT ORDER IN COUNTY AND CIRCUIT CIVIL CASES**

**WHEREAS**, AOSC20-23 (amendment 10) requires the chief judge of each judicial circuit to promulgate an administrative order adopting a formal case management protocol for civil cases; and

**WHEREAS**, AOSC20-23 (amendment 10) requires the Chief Judge to cause a case management order establishing certain deadlines to be served in every civil case, it is hereby

**ORDERED:**

1.      The presiding judge in each civil case shall actively manage all civil cases and shall strictly comply with Florida Rule of Judicial Administration 2.545(a), (b) and (e).

2.      This order does not apply to cases proceeding under the Small Claims Rules; to landlord/tenant actions; to actions for unlawful detainer; or to any action requiring summary procedure pursuant to section 51.011, Florida Statutes.

3.      A system of differentiated case management shall be utilized in civil cases, which requires designation of each case as one of the following: complex, streamlined, or general.

4.      Complex civil cases shall be so designated pursuant to the criteria in Florida Rule of Civil Procedure 1.201. Upon such designation, complex civil cases shall proceed as stated in that rule.

5.      Factors to be considered by the trial judge in designating a case as streamlined shall include, but are not limited to, cases in which:

| | |
|---|---|
| (a) | There are no more than two parties; |
| (b) | Issues of liability and damages are not complex; |
| (c) | Relatively few pretrial motions are anticipated; |
| (d) | The need for discovery is limited; |
| (e) | There are relatively few witnesses anticipated; |
| (f) | Documentary evidence is anticipated to be minimal; |
| (g) | The trial is anticipated to take no longer than two (2) days; or |
| (h) | the case is otherwise likely to resolve in less than twelve months. |

6.      Any case not specifically designated as complex or streamlined shall be categorized as general.

7.      In each civil case, the standing civil case management order (attached hereto as Appendix A) shall be signed by the plaintiff and filed in the court file along with the complaint. The plaintiff shall cause the standing order to be served, along with the complaint, on each named defendant. The Clerk shall not accept a civil case for filing without submission of the signed standing order.

8.      Deadlines established herein shall be strictly enforced. This order may be modified when the case is at issue by further order of the court.

**ORDERED ON** this _23_____ day of April 2021.

_____
Mark W. Moseley, Chief Judge

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[AOSC20-23]

**THIS ACTION** is before the court for case management pursuant to AOSC20-23 (Amendment 10). Therefore, it is **ADJUDGED** that:

1.  This case is provisionally designated as a general civil case.

2.  **TRIAL DATE**:  The projected date for a non-jury trial shall be the first regular trial term taking place one year after the date of filing. The projected date for a jury trial shall be the first regular trial term taking place eighteen months after the date of filing. A firm trial date will be established by the presiding judge when the case is at issue. Trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/.  In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3. **SERVICE**: Unless otherwise extended by court order for good cause shown, service of complaints should be completed within 120 days of filing. Requests for the addition of new parties shall be filed within 180 days of filing.

4. **DISCOVERY:** Fact and expert discovery shall be completed 60 days prior to the trial date set forth above.

5. **PRETRIAL MOTIONS**: Objections to pleadings and pretrial motions shall be resolved a minimum of 30 days prior to the trial date set forth above. Prior to filing ANY motion, counsel

filing the motion shall confer with opposing counsel by telephone or in person in a good faith attempt to resolve the motion. The motion shall contain a good faith statement reflecting the date and time of the conference with opposing counsel. A statement that counsel attempted to confer with opposing counsel is insufficient unless the good faith statement details the date and time of at least three attempts to confer that occurred within the one-month period immediately prior to the filing of the motion.

6. **MEDIATION**: The parties shall conclude mediation at least 90 days prior to the trial date set forth above.

7. Deadlines established herein shall be strictly enforced. "Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case." This order may be modified at such time that the case is determined to be at issue. Fla. R. Civ. P. 1.440.

ORDERED in Alachua County, Florida, on April 23, 2021.

Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

November 8, 2022

Plaintiff or Plaintiff's Counsel                 Date

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION

**RENE OWENS,**                                    **Case Number:** 01 2022 CA 003561

      **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Rene Owens, by and through his undersigned counsel hereby files this two-count complaint against Defendant, United Parcel Service, Inc., alleging that Defendant discriminated and retaliated against him because of his race, Black in violation of the Florida Civil Rights Act and Chapter 760 of the Florida Statutes. Plaintiff further alleges that Plaintiff's race was a motivating factor for Defendant's discrimination against Plaintiff. Defendant was motivated, in part, by Plaintiff's race when discriminating against Plaintiff. In further support of Plaintiff's claims, Plaintiff makes the following allegations:

1

## **Parties**

1.      Plaintiff, Rene Owens, is a qualified African American male and well within a protected class due to his race (Black).

2.      Defendant, United Parcel Service, Inc. is a parcel delivery company headquartered in Atlanta, Georgia.

3.      Defendant is a foreign, for-profit company that employs more than 15 employees.

4.      In or about May 2014, Defendant hired and employed Plaintiff to perform services for Defendant as a Preloader in Defendant's Gainesville, Florida facility.

5.      In or about October 2018, Defendant promoted Plaintiff to Package Driver in Defendant's Gainesville, Florida location.

6.      As a Package Driver, Plaintiff was responsible driving Defendant's delivery truck and delivering packages to Defendant's customers.

## **Jurisdiction**

7.      This is an original action for damages in excess of $55,301.16.

8.      Defendant is a parcel delivery company incorporated in Florida and headquartered in Atlanta, Georgia.

9.     Plaintiff worked for Defendant as a Package Driver in Alachua County, Florida.

10.     Plaintiff is an African American male who lives in Alachua County, Florida.

11.     Defendant is an "employer" as defined by Chapter 760 of the Florida Statutes and Defendant employed Plaintiff at Defendant's location in Alachua County, Florida.

12.     All material events took place in Alachua County.

13.     Defendant employs more than 15 employees.

14.     This complaint arises out of Chapter 760 of the Florida Statutes and the Florida Civil Rights Act.

15.     Plaintiff filed a charge of discrimination with Florida's Commission on Human Relations. Less than 18 months have passed since Plaintiff filed his charge of discrimination.

16.     Therefore, jurisdiction in this Court is proper.

**Factual Allegations**

17.     Plaintiff is a Black man and therefore a member of a protected class due to his race.

18.     Plaintiff was qualified to perform the essential functions and responsibilities of a Package Driver.

19.     Despite Plaintiff's qualifications, Plaintiff was treated in a less favorable manner than White Package Drivers in the Defendant's Gainesville, Florida location.

20.     Plaintiff was not afforded the same training that Defendant provided to White Package Drivers.

21.     Defendant was motivated by Plaintiff's race in deciding not to provide Plaintiff with the same training that White Package Drivers received.

22.     During Plaintiff's employment, Defendant disciplined Plaintiff because Plaintiff had issues with the electronic equipment provided to him.

23.     White employees were not disciplined for having issues with the electronic equipment Defendant provided to the White employees.

24.     Defendant was motivated by Plaintiff's race in disciplining Plaintiff for having issues with electronic equipment.

25.     During Plaintiff's employment, Defendant denied Plaintiff of the terms, conditions, privileges, and benefits of employment that White drivers received.

26.     During Plaintiff's employment, Plaintiff asked Defendant to adjust his route to allow Plaintiff to perform his duties more efficiently.

27.     Defendant's manager, Corey Wilder (White), told Plaintiff that his route could not be adjusted.

28.     However, Defendant adjusted the delivery route for White Package Drivers in the Defendant's Gainesville, Florida facility.

29.     Defendant's refusal to adjust Plaintiff's route was motivated, in part, by Plaintiff's race.

30.     When delivering packages to an apartment complex, White drivers were allowed to deliver the packages to the front office of the apartment complex and not to the individual units.

31.     While working as a Package Driver for Defendant, Plaintiff was required to make deliveries to the Museum Walk Apartment community.

32.     The manager at the Museum Walk Apartment community told Plaintiff that Plaintiff was to deliver packages to the front office instead of delivering packages to the individual units.

33.     Plaintiff complied with the apartment manager's request and delivered the Museum Walk Apartment packages to the front office instead of the individual apartment units.

34.     White Package Drivers who comply with the delivery requests of apartment complexes are not punished for doing so.

35.     However, Defendant terminated Plaintiff's employment for complying with the apartment manager's request that he deliver all packages to the front office as opposed to the individual apartments.

36.     Defendant was motivated, in part, by Plaintiff's race when terminating Plaintiff's employment.

37.     If Plaintiff had been White, he would not have been terminated for complying with the apartment manager's request.

38.     Prior to Plaintiff's termination, Plaintiff made numerous complaints to Defendant about race discrimination and disparate treatment in the workplace.

39.     On January 27, 2021, Plaintiff filed a complaint with Defendant alleging race discrimination and harassment in the workplace by Defendant's employee, Mark Dobbs (White).

40.     Mr. Dobbs did not harass White employees in the workplace.

41.     In response to Plaintiff's January 27, 2021, complaint, Defendant issued Plaintiff a written warning.

42.     Defendant issued Plaintiff a written warning because he complained of race discrimination in the workplace.

43.     On April 24, 2021, Plaintiff made a complaint to Defendant about being treated differently due to his race.

44.     On April 27, 2021, Defendant terminated Plaintiff's employment with extreme prejudice and was motivated by Plaintiff's race in terminating Plaintiff.

6

## COUNT I
## Race Discrimination in violation of FCRA

45.     Plaintiff hereby incorporates and re-alleges paragraphs 1-44, above.

46.     Plaintiff is a qualified African American male who is within a protected class due to his race ("Black").

47.     Plaintiff was employed by Defendant in or about May 2014.

48.     During Plaintiff's employment with Defendant, Defendant treated Plaintiff in disparate manner as compared to White Package Drivers.

49.     Defendant was motivated, in part, by Plaintiff's race in its decision to treat Plaintiff in a desperate manner as compared to White Package Drivers.

50.     Plaintiff suffered an adverse employment action partially due to his race.

51.     Plaintiff suffered the following adverse actions; Plaintiff was denied the ability to adjust his route, Plaintiff was disciplined for having technical issues with his electronics, and Plaintiff was disciplined for complying with an apartment manager's request that he deliver packages to the front office rather than the individual units.

52.    White employees were not disciplined for having electronic issues. White employees were allowed to adjust their routes. White employees were not disciplined for delivering packages to the front office of an apartment complex.

53.    Defendant was motivated, in part by Plaintiff's race, in denying Plaintiff the terms, conditions, privileges, and benefits or employment that White Package Drivers enjoyed.

54.    Specifically, Chapter 760.10 of the Florida Statues, prohibits employment discrimination and hostile work environments created and tolerated by statutory employers such as Defendant.

55.    In relevant part, Chapter 760.10 makes it illegal, "*To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.*" (Emphasis added).

56.     Defendant was a qualified employer under the Chapter 760.10 of the Florida Statues throughout all periods of Plaintiff's employment with Defendant.

57.     Plaintiff was and is protected by the Chapter 760.10 during his employment with Defendant, as Plaintiff is a Black male.

58.     Plaintiff previously filed complaint with the FCHR in regard to Plaintiff's claim under Florida State law on the basis of impermissible discrimination and less than 18 months have passed since the charge was filed.

59.     Plaintiff has complied with all prerequisites prior to filing this lawsuit and Plaintiff exhausted Plaintiff's administrative remedies.

60.     Plaintiff was damaged as a direct result of Defendant's race discrimination towards Plaintiff.

WHEREFORE, Plaintiff seeks a judgment and all relief available under Florida law, including back pay, front pay, emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest. Plaintiff also demands a trial by jury. Plaintiff reserves the right to seek punitive damages should the ultimate facts so warrant.

## COUNT II
## <u>Retaliation in violation of FCRA</u>

61.    Plaintiff hereby incorporates and re-alleges paragraphs 1-44, above.

62.    Plaintiff complained and objected to Defendant's unlawful employment practice of subjecting Plaintiff to harassment and discrimination and a hostile work environment on the basis of Plaintiff's race.

63.    Plaintiff is an African American male.

64.    Plaintiff was deserving of protection under Chapter 760.10 of the Florida Statutes, as a member of a protected class in light of Plaintiff's African American status.

65.    Defendant is an employer with more that fifteen employees.

66.    Defendant is engaged in interstate commerce as defined by law.

67.    Plaintiff was subjected to unfair treatment in the workplace, in part, due to Plaintiff's race.

68.   Plaintiff complained and objected to the harassment and discrimination to which Plaintiff was subjected by Defendant.

69.   Defendant condoned the racially motivated discrimination and allowed the discrimination to continue against Plaintiff.

70.   As a direct result of Plaintiff having complained repeatedly about the race discrimination perpetrated by Defendant, Defendant then embarked on a pattern of retaliation, which included writing Plaintiff up and eventually terminating Plaintiff, which qualifies as an adverse employment action.

71.   Chapter 760.10 of the Florida States, makes it an unlawful employment practice for an employer to retaliate against said individual because he has opposed any practice made unlawful by this chapter.

72.   Thus, Plaintiff was subjected to an adverse employment action by Defendant for having complained and objected to the unlawful race discrimination that Defendant directed towards Plaintiff on account of Plaintiff's race. Specifically, Plaintiff was terminated by Defendant less than a week after Plaintiff complained of race discrimination.

73.   Defendant's termination of Plaintiff's employment on April 27, 2021, constituted an act of retaliation for Plaintiff having complained of race discrimination in the workplace.

WHEREFORE, Plaintiff seeks a judgment and all relief available under Chapter 760 of the Florida Statutes, including back pay, front pay, emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest. Plaintiff also demands a trial by jury. Plaintiff reserves the right to seek punitive damages should the ultimate facts so warrant.

**DATED: November 8, 2022**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road
Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Facsimile: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

RENE OWENS

    Plaintiff,

-vs-

UNITED PARCEL SERVICE  , INC.

    Defendant(s).

Case No. 01-2022-CA-003561

Division: __J__

# SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant

UNITED PARCEL SERVICE, INC.

c/o: CORPORATION SERVICE COMPANY

1201 HAYS STREETTALLAHASSEE, FL 32301-2525

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

LEE LAW PLLC

c/o: KYLE J. LEE

1971 WEST LUMSDEN ROAD SUITE 303

BRANDON FLORIDA 33511

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on **NOVEMBER 10**, **2022**.

J.K. "Jess" Irby, Esq.
Clerk of Circuit Court

By _Kimberly A. Hightower_
    Deputy Clerk

Civil Division
Alachua County Courthouse
201 East University Avenue • Gainesville Florida 32601
Phone (352) 374-3636 • Fax (352) 338-3207

Summons Form-Corporate

Filing # 161787833 E-Filed 11/23/2022 09:16:07 AM

# VERIFIED RETURN OF SERVICE

Job # T224581

**Client Info:**

Lee Law, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL  33511

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| RENE OWENS | Court Division: J -CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Alachua, Florida |
| UNITED PARCEL SERVICE, INC. | Court Case # **01-2022-CA-003561** |

**Service Info:**

**Received by BRENNAN FOGARTY: on November, 15th 2022 at 11:33 AM**
**Service:** I Served **UNITED PARCEL SERVICE, INC. C/O CORPORATION SERVICE COMPANY**
With: **SUMMONS; COMPLAINT AND DEMAND FOR JURY TRIAL; STANDING CASE MANAGEMENT ORDER; CIVIL COVER SHEET**
by leaving with **Dennis Ratliff, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business 1201 HAYS ST TALLAHASSEE, FL 32301**
On **11/17/2022 at 01:55 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **BRENNAN FOGARTY** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**BRENNAN FOGARTY**
Lic # **230**

**ACCURATE SERVE FL**
P.O. BOX 5141
Lakeland, FL 33807

Client # 56224
Job # T224581





1 of 1

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

RENE OWENS

    Plaintiff,

             -vs-

UNITED PARCEL SERVICE  , INC.


    Defendant(s).

Case No.: 01-2022-CA-003561

Division:  J

# SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant

UNITED PARCEL SERVICE, INC.

c/o: CORPORATION SERVICE COMPANY

1201 HAYS STREETTALLAHASSEE, FL 32301-2525



Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

LEE LAW PLLC

c/o: KYLE J. LEE

1971 WEST LUMSDEN ROAD SUITE 303

BRANDON FLORIDA 33511

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on  **NOVEMBER 10** , **2022** .

J.K. "Jess" Irby, Esq.
Clerk of Circuit Court

By _____
Deputy Clerk

Civil Division
Alachua County Courthouse
201 East University Avenue • Gainesville Florida 32601
Phone (352) 374-3636 • Fax (352) 338-3207

Summons Form-Corporate

Case 1:23-cv-00108-AW-MJF   Document 1-1   Filed 05/05/23   Page 26 of 82

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION**

**RENE OWENS,**                                    **Case Number: 22-CA-003561**

      **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

_____/

**<u>PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST
UNITED PARCEL SERVICE, INC.</u>**

1.    Plaintiff, pursuant to the Florida Rules of Civil Procedure Rule 1.500 (a) seeks entry of a Clerk's Default because Defendant failed to file or serve any documents in the action within 20 days of service. Plaintiff further states as follows: Plaintiff timely filed his Complaint against Defendant on November 8, 2022, (Dkt. 1).

2.    Plaintiff served Defendant United Parcel Service, Inc., care of its registered agent, CORPORATION SERVICE COMPANY, at 1201 Hays Street, Tallahassee Florida, 32301 on November 15, 2022.

3.    Defendant United Parcel Service, Inc., responsive pleading to the Complaint was due on or before December 5, 2022.

4.    Defendant United Parcel Service, Inc., failed, refused and/or neglected to file a response of any kind to the underlying Complaint.

"2022 CA 003561" 163126355 Filed at Alachua County Clerk 12/15/2022 01:30:27 PM EST

5.    By Plaintiff's count, 30 days passed since Defendant United Parcel Service, Inc., was served and United Parcel Service, Inc., has failed, neglected and/or refused to respond within the time frame provided by law.

6.    Pursuant to Rule 1.500 (a) of the Florida Rules of Civil Procedure, Plaintiff is entitled to a Clerk's Entry of Default at this time.

7.    Based upon the facts at hand and an examination of the record in this case on the Court's docket, Plaintiff appears to be entitled to entry of a Clerk's Default against United Parcel Service, Inc., at this time.

**DATED this 15th day of December, 2022.**

Respectfully submitted,

**/s/ Kyle Lee**

Kyle Lee, Esq.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT THE FOREGOING HAS BEEN MAILED TO THE DEFENDANT, UNITED PARCEL SERVICE, INC., BY U.S MAIL, C/O: CORPORATION SERVICE COMPANY 1201 HAYS STREET, TALLAHASSEE FLORIDA 32301 ON THIS 15TH DAY OF DECEMBER, 2022.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

# IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA
## CIVIL DIVISION

**RENE OWENS,**                              **Case Number: 22-CA-003561**

      **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

_____/

### ENTRY OF DEFAULT

Pursuant to Fla. R. Civ. P. 1.500 (a) default is entered against the defendant **UNITED**

**PARCEL SERVICE, INC.,** in Gainesville, Florida on the **16th** day of December, 2022.

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT

/s/ *Christine M Wilson*

Copies furnished to:   *cmw*

Counsel of Record

Case 1:23-cv-00108-AW-MJF   Document 1-1   Filed 05/05/23   Page 29 of 82

IN THE CIRCUIT COURT FOR THE
EIGHTH JUDICIAL CIRCUIT IN AND FOR
ALACHUA COUNTY, FLORIDA

| | | |
|---|---|---|
| RENE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 22-CA-003561 |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | )/ | |

## **DEFENDANT'S UNOPPOSED MOTION TO VACATE**
## **AND SET ASIDE CLERK'S DEFAULT**

Defendant UNITED PARCEL SERVICE, INC. ("UPS" or "Defendant"), by and through its undersigned counsel and pursuant to Rule 1.500(d) of the Florida Rules of Civil Procedure, and all other applicable rules of Florida law, hereby respectfully requests that this Court enter an Order setting aside the Clerk's Default Judgment and in support states as follows:

1.      Rene Owens ("Plaintiff") served UPS's registered agent, Corporation Service Company with a Complaint dated November 8, 2022, on November 15, 2022.

2.      Around November 21, 2022, UPS engaged the undersigned lawfirm to represent it in investigating and defending the claims raised by Plaintiff.

3.      The undersigned counsel is primarily responsible for the defense in this matter.  Unfortunately, at the same time, was experiencing a significant medical issue of her teenage daughter requiring multiple hospitalizations over the last three months.  Due to the ongoing family emergencies, the undersigned inadvertently failed to respond to the

Complaint within the time allowed for by the applicable rules.  The undersigned continues to experience the need to provide medical care on an intermittent and unpredictable schedule.

4.      On December 15, 2022, Plaintiff filed a Motion for Entry of Clerk's Default against United Parcel Service, Inc. for failure to file a response to the Complaint and served via regular U.S. mail on Defendant's registered Agent, Corporation Service Company's mailing address.

5.      On December 16, 2022, the Clerk of this Honorable Court entered a clerk's default in this matter against Defendant "for failure to serve a pleading within the time required by law."

6.      The undersigned became aware of the entry of the clerk's default today, January 4, 2023, and immediately reached out to counsel for Plaintiff.

7.      Counsel for UPS explained the unusual circumstances under which she inadvertently failed to cause a responsive pleading to be filed by December 5, 2022 and indicated she intended to seek that the clerk's default be vacated and UPS be permitted to file a responsive pleading within ten (10) days of January 4 or by Friday January 13, 2023.

8.      Counsel for Defendant indicated Plaintiff would not oppose Defendant's request to vacate and to respond to the Complaint within 10 days.

## ARGUMENT

### A.   Relevant Standard

The Florida Rules of Civil Procedure vest the trial court with discretion to set aside a default. *See* Fla.R.Civ.P. 1.500(d). In determining whether to exercise this power, a party must demonstrate the existence of both excusable neglect and a meritorious defense. *S. B. Partners v. Holmes,* 479 So. 2d 280, 282 (Fla. 2d. DCA 1985). In some cases an additional requirement has been imposed, wherein the movant is required to demonstrate due diligence in seeking relief from the default. *See Florida Aviation Acad. v. Charter Air Center*, 449 So. 2d 350 (Fla. 1st DCA 1984), citing *Lacore v Giralda Bakeshop, Inc.*, 407 So. 2d 275 (Fla. 3d DCA 1982).

These rules implement the principle of liberality in setting aside defaults so that lawsuits may be decided on their merits. *See Bland v. Viking Fire Protection, Inc. of the Southeast*, 454 So.2d 763 (Fla. 2d DCA 1984). There is a strong preference in the law for lawsuits to be determined on their merits. *Marshall Davis, Inc. v. Incapco, Inc.*, 558 So.2d 206, 207 (Fla. 2d DCA 1990). As long ago as 1863, the Florida Supreme Court noted that "it is the tendency of the courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a Defendant who seems to be honestly striving to get in what he believes to be a good defense." *North Shore Hosp., Inc., v. Barber*, 143 So. 2d 849, 852-53 (Fla. 1962), quoting *Waterson v. Seat & Crawford*, 10 Fla. 326 (1863). As such, courts should liberally set aside defaults under appropriate circumstances. *Marshall-Davis,* 558 So.2d at 207.

**B.**     <u>**The Clerk's Default Should Be Set Aside**</u>

The facts and circumstances of the instant matter merit setting aside the clerk's default.  Defendant's failure to respond in a timely manner was the result of excusable neglect, Defendant has meritorious defenses to the claims asserted by Plaintiff, and Defendant has acted with due diligence to have the default set aside upon learning about the same.  As a result, an in accordance with the demonstrated preference for setting aside defaults (in appropriate circumstances) so that cases may be determined on their merits, Defendant requests this Honorable Court to set aside the Default entered by the Clerk on December 16, 2022.

**1.**     <u>**Defendant's Failure To Respond Was Due To Excusable Neglect.**</u>

The inadvertent misfiling or mishandling of a complaint that results in the failure to file a responsive pleading is regularly found to constitute excusable neglect that warrants setting aside a default.  *See, e.g., North Shore Hosp.*, 143 So. 2d at 852 (excusable neglect where administrative offices misplaced complaint and thus failed to send to counsel); *Okeechobee Imports, Inc. v Am. Sav. & Loan Assoc. of Fl.,* 558 So. 2d 506, 507 (Fla. 3d DCA 1990) (excusable neglect where complaint was misfiled); *Credit General Ins. Co. v. Thomas*, 515 So. 2d 336, 337 (Fla. 3d DCA 1987) (excusable neglect where complaint was misplaced); *Fortune Insurance Co. v. Sanchez*, 490 So. 2d 249, 250 (Fla. 3d DCA 1986) (excusable neglect where complaint was misfiled); *S.B. Partners*, 479 So. 2d at 282-83 (excusable neglect where complaint never got to appropriate person due to clerical error); *Bland*, 454 So. 2d at 763; *Florida Aviation Academy*, 449 So. 2d at 353 (excusable neglect where attorney gave complaint to the secretary who filed it

without providing a deadline for filing answer); *County Nat'l Bank of North Miami Beach v. Sheridan, Inc.*, 403 So. 2d 502, 504 (Fla. 4th DCA 1981) (excusable neglect due to clerical error.)

The failure to file a responsive pleading in this instance was solely the result of an inadvertent and unintentional oversight of counsel causing the Summons and Complaint getting filed away, instead of getting forwarded to the appropriate persons for processing and ultimately, to prepare and file a responsive pleading. Indeed, the undersigned counsel as an officer of the Court proffers herein her neglect was due to an oversight while she was in the midst of a crisis involving an ongoing serious medical condition of her teenage child. Just as in each of the numerous above instances, excusable neglect exists in this instance as well.

## 2.     **Defendant Has A Meritorious Defense.**

A meritorious defense may be shown through a meritorious answer to the complaint. *Gibraltar Service Corp.*, 488 So. 2d at 584; *Credit General Ins. Co.*, 515 So. 2d at 337; *Fortune Insur. Co.*, 490 So. 2d at 250; *Florida Aviation Academy*, 449 So. 2d at 353. Defendant has meritorious defenses to Plaintiff's allegations as seen in the attached Answer which Plaintiff asks permission to file upon the granting of this Motion. (Exhibit A). As seen in Exhibit A, Defendant indeed denies many of the factual allegations that underlie both counts of Plaintiff's Complaint, and Defendant also has affirmative defenses to assert in defense of the claims. Defendant notes that relevant denials and affirmative defenses in the Answer relate, in part, to the fact that Plaintiff was terminated for a reason unrelated to Plaintiff's race or complaints or race discrimination.

    3.      **Defendant Acted With Due Diligence Upon Learning Of The Default.**

Defendant acted with due diligence to remedy the default. The undersigned first learned of the default on January 4, 2023 and contacted counsel for Plaintiff the same day. The instant Motion is served only one business day after undersigned first learned of the Clerk's Default.

## III.   CONCLUSION

For all of the reasons stated above, Defendant respectfully asserts that the entry of default judgment in this matter should be set aside so that Defendant may proceed to defend this case on its merits.

Dated this 13th day of January, 2023.

Respectfully Submitted,

LITTLER MENDELSON, PC
111 North Orange Avenue
Suite 1750
Orlando, Florida 32801-2366
Telephone: (407) 393-2900
Facsimile:   (407) 393-2929

BY:  **/s/ Nancy A. Johnson**
Nancy A. Johnson, Esquire
Florida Bar No.: 597562
najohnson@littler.com

Attorneys for Defendant UPS

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 13th day of January, 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the Florida Courts E-Filing portal which will serve the document electronically by email to all parties.

**<u>/s/ Nancy A. Johnson</u>**

# EXHIBIT "A"

IN THE CIRCUIT COURT FOR THE
EIGHTH JUDICIAL CIRCUIT IN AND FOR
ALACHUA COUNTY, FLORIDA

RENE OWENS,                                     )
                                                )
              Plaintiff,                        )
                                                )
v.                                              )
                                                )
UNITED PARCEL SERVICE, INC.,                    )
                                                )
              Defendant,                        )
_____/

## ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), pursuant to Rule 1.140 of the Florida Rules of Court Procedure, hereby answers Plaintiff's Complaint and Demand for Jury Trial and states its defenses as follows:

## NATURE OF CASE

Defendant admits Plaintiff has attempted to state claims of race discrimination under the Florida Civil Rights Act (Chapter 760 of the Florida Statutes). Defendant denies Plaintiff has stated a viable cause of action or is entitled to any relief whatsoever.

## PARTIES

1.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. Defendant denies all remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

## JURISDICTION

7.      Defendant admits that Plaintiff claims in his Complaint and his Civil Cover Sheet to be entitled to between $55,301.16 and $75,000.00 but denies that Plaintiff is entitled to such damages or any other relief in this action.

8.      Defendant denies it is incorporated in Florida. Defendant admits the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. Defendant is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore denies the same.

11.     Paragraph 11 contains legal conclusions to which no response is required. Defendant admits that it employed Plaintiff in Alachua County, Florida. Defendant denies all remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits that it employed Plaintiff in Alachua County,

2

Florida. Defendant denies all remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits Plaintiff has attempted to state claims of race discrimination under the Florida Civil Rights Act (Chapter 760 of the Florida Statutes). Defendant denies Plaintiff has stated a viable cause of action or is entitled to any relief whatsoever.

15.     Defendant admits Plaintiff filed a Charge of Discrimination but denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Paragraph 16 contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

17.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 17 contains legal conclusions to which no response is required.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits Plaintiff asked UPS to adjust his route but denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.     Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Defendant admits that Plaintiff complained about alleged race discrimination in the workplace. Defendant denies all remaining allegations in Paragraph 38 of the Complaint.

39.    Defendant admits Plaintiff filed complaints alleging race discrimination and harassment in the workplace by Mr. Dobbs.  However, after investigation, Defendant is unable to find a complaint filed by Plaintiff on January 27, 2021, and therefore denies such allegation.

40.    To the extent this paragraph calls for a legal conclusion no response is required.  Defendant denies it was aware of conduct whereby Mr. Dobbs harassed any employee in the workplace regardless of race.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations in Paragraph 42 of the Complaint.

43.    Defendant admits Plaintiff complained about being treated differently due to his race.  However, after investigation, Defendant is unable to find such complaint made on April 24, 2021, and therefore denies such allegation.

44.    Defendant denies the allegations in Paragraph 44 of the Complaint.

## COUNT I
## Race Discrimination in Violation of FCRA

45.    Defendant re-alleges and adopts the allegations of Paragraphs 1 through 44 of this Answer, as if fully stated herein.

46.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 46 contains legal conclusions to which no response is required.

47.     Defendant admits the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     After reasonable investigation, Defendant is unaware of any employee, regardless of race, disciplined for "having electronic issues" or for "delivering packages to the front office of an apartment complex."  Defendant denies it allowed any employees, regardless of race, to adjust their routes as it understands that phrase.  Defendant denies all remaining allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 contains solely legal conclusions to which no response is required.

55.     Paragraph 55 contains solely legal conclusions to which no response is required.

56.     Paragraph 56 contains legal conclusions to which no response is

6

required. Defendant admits that it employed Plaintiff. Defendant denies all remaining allegations in Paragraph 56 of the Complaint.

57.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 57 contains legal conclusions to which no response is required.

58.     Defendant admits Plaintiff filed a Charge of Discrimination but denies the remaining allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 60 of the Complaint. Defendant acknowledges that Plaintiff has made demand for a jury trial but denies that there is any issue that should be so tried.

## COUNT II
## <u>Retaliation in Violation of FCRA</u>

61.     Defendant re-alleges and adopts the allegations of Paragraphs 1 through 44 of this Answer, as if fully stated herein.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Upon information and belief, Defendant admits the allegations in Paragraph 63 of the Complaint.

64.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 64 contains legal conclusions or opinions of Plaintiff to which no response is required.

65.     Defendant admits that it employs more than fifteen employees. The remainder of Paragraph 65 contains legal conclusions to which no response is required.

66.     Paragraph 66 contains solely legal conclusions to which no response is required.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Paragraph 71 contains solely legal conclusions to which no response is required.

72.     Paragraph 72 contains legal conclusions to which no response is required.  As to any factual allegations, Defendant denies those allegations in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 73 of the

Complaint. Defendant acknowledges that Plaintiff has made demand for a jury trial but denies that there is any issue that should be so tried.

## GENERAL DENIAL

To the extent not expressly admitted herein, all allegations in Plaintiff's Complaint are hereby denied.

## STATEMENT OF DEFENSES

Defendant asserts the following defenses, without prejudice to its rights to argue that Plaintiff bears the burden of proof regarding some or all these defenses:

## FIRST DEFENSE

Plaintiff's claims fail, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are preempted, completely or in part, by federal labor law, including without limitation under Section 301 of the National Labor Relations Act and by virtue of *Garmon* preemption.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the allegations in the Complaint were not raised in a timely-filed charge of discrimination or are inconsistent with or exceed the scope of the allegations in the alleged charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), orany other state or local agency.

## FIFTH DEFENSE

Plaintiff's retaliation claims fail, in whole or in part, because Plaintiff did not engage in any protected activity under the Florida Civil Rights Act.

## SIXTH DEFENSE

Any and all actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof were based on legitimate, non-discriminatory, and non-retaliatory business reasons, were taken without regard to any alleged protected characteristic or protected activity by Plaintiff and were not pretextual.

## SEVENTH DEFENSE

Plaintiff's race and or alleged engagement in protected activity were not motivating factors in Defendant's decision to terminate Plaintiff's employment (or any other adverse employment action).

## EIGHTH DEFENSE

Assuming *arguendo* Defendant based any decision concerning Plaintiff on unlawful grounds or had an improper motive, which Defendant expressly denies, Plaintiff's claims are barred, in whole or in part, because the same decisions would have been made with regard to Plaintiff's employment even in the absence of such a factor or improper motive.

## NINTH DEFENSE

Defendant has made a good-faith effort to prevent retaliation and discrimination in its workplace, and thus cannot be liable for the decisions of its agents, or for punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with any anti-retaliation or anti-discriminationstatutes.

## TENTH DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff failed to take advantage of opportunities to avoid the alleged harm or to otherwise act reasonably to avoid the alleged harm about which Plaintiff now complains. Specifically, Plaintiff failed to avail himself of Defendant's effective and widely disseminated policy, which prohibits discrimination and retaliation and provides a reasonably available procedure by which Plaintiff could bring complaints resulting in prompt

remedial action reasonably calculated to end such alleged discrimination or retaliation.

### ELEVENTH DEFENSE

Alternatively, to the extent Plaintiff availed himself of Defendant's policy (which prohibits discrimination and retaliation and provides a reasonably available procedure by which Plaintiff could bring complaints), Defendant took prompt remedial action reasonably calculated to end such alleged discrimination or retaliation.

### TWELFTH DEFENSE

There is no causal connection between any exercise of protected rights by Plaintiff and any adverse employment action Plaintiff might have suffered.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the equitable doctrines of estoppel, waiver, and/or unclean hands, based upon Plaintiff's course of conduct during and after employment.

### FOURTEENTH DEFENSE

Plaintiff's claims (including punitive damages) are barred, in whole or in part, to the extent any unlawful or other wrongful acts were committed by any person(s) employed by Defendant, such acts, if any, were outside the scope of their

authority; were not authorized, ratified nor condoned by Defendant; nor did Defendant know or have reason to be aware of such conduct.

### FIFTEENTH DEFENSE

Assuming *arguendo* Plaintiff is entitled to recover back pay, front pay, and other damages, which Defendant denies, Plaintiff's claims are barred, in whole or inpart, due to Plaintiff's failure to mitigate damages by using reasonable diligence to seekand obtain comparable employment elsewhere.

### SIXTEENTH DEFENSE

Assuming *arguendo* Plaintiff is entitled to recover any damages as a result of Defendant's actions, which Defendant denies, Plaintiff's claim for damages must be set off and/or reduced by wages, compensation, pay, commissions, benefits, and allother earnings or remunerations, profits, and benefits which accrued to Plaintiff afterthe alleged unlawful act.

### SEVENTEENTH DEFENSE

All or part of Plaintiff's alleged compensatory damages were the result of other personal experiences unrelated to the facts and circumstances set forth in Plaintiff's Complaint.

### EIGHTEENTH DEFENSE

Any injuries for which Plaintiff may be seeking relief were caused, in whole or in part, by Plaintiff's own negligent or intentional acts or omissions.

## NINETEENTH DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, to the extent discovery procures after-acquired evidence revealing Plaintiff engaged in misconduct prior to, during, or concurrent with Plaintiff's employment which otherwise would have resulting in Plaintiff's discharge if such conduct were then known to Defendant.

## TWENTIETH DEFENSE

All employment actions taken regarding Plaintiff were reasonable and undertaken based upon a good-faith belief such conduct was not in violation of the FCRA and, therefore, Plaintiff may not recover any punitive damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for damages is barred or limited to the extent Plaintiff seeks recovery of an amount greater than that permissible under federal or state law and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

## RESERVATION OF RIGHTS

Defendant reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE Defendant respectfully requests this Honorable Court: (i) enter judgment in its favor against Plaintiff; (ii) award its costs of suit herein;

(iii) award Defendant reasonable attorneys' fees as may be determined by the Court and/or pursuant to any applicable law, rule, regulation or agreement; and

(iv) grant such other relief as this Court may deem just and proper.

Dated January 13, 2023.                    Respectfully submitted,

                                           LITTLER MENDELSON, P.C.
                                           111 North Orange Avenue
                                           Suite 1750
                                           Orlando, Florida 32801-2366
                                           Telephone: (407) 393-2900
                                           Facsimile: (407) 393-2929

                        By:    */s/ Nancy A. Johnson*_____
                               Nancy A. Johnson
                               Florida Bar No.: 597562
                               Email:  najohnson@littler.com

                               *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the Florida Courts E-Filing portal which will serve the document electronically by email to all parties.

                               */s/ Nancy A. Johnson*_____
                               Nancy A. Johnson

4856-5187-9753.1 / 110830-1071

15

IN THE CIRCUIT COURT FOR THE
EIGHTH JUDICIAL CIRCUIT IN AND FOR
ALACHUA COUNTY, FLORIDA

RENE OWENS,
      Plaintiff,                  CASE NO. 01-2022-CA-003561

v.

UNITED PARCEL SERVICE, INC.,
      Defendant,
_____/

## ORDER GRANTING UNITED PARCEL SERVICE'S UNOPPOSED MOTION TO VACATE AND SET ASIDE DEFAULT

      This matter having come before the Court upon Defendant United Parcel Service, Inc.'s Unopposed Motion to Vacate and Set Aside Default and it appearing that the Parties have agreed that the default previously entered against Defendant in this action should be vacated and set aside;

      IT IS HEREBY ORDERED that the default entered against United Parcel Service, Inc. on December 16, 2022, should be and is hereby vacated and set aside and UPS be permitted to file its Answer as proposed in the Motion within two (2) business days of the entry of this Order.

      DONE AND ORDERED in Chambers, Alachua County, Florida on this Tuesday, January 17, 2023.

01-2022-CA-003561 01/17/2023 11:46:40 AM

Donna M. Keim, Circuit Judge
01-2022-CA-003561 01/17/2023 11:46:40 AM

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the above has been served to the parties listed below by First Class US Mail or by E-Service on this Tuesday, January 17, 2023.

KYLE J LEE, ESQ
kyle@kyleleelaw.com
leeanna@kyleleelaw.com
antionette@kyleleelaw.com

Nancy A Johnson
najohnson@littler.com
#OrlandoECFiling@littler.com
vking@littler.com

01-2022-CA-003561 01/17/2023 11:50:38 AM

Theresa Hall, Judicial Assistant
01-2022-CA-003561 01/17/2023 11:50:38 AM

2

   

Littler Mendelson, P.C.
111 North Orange Avenue
Suite 1750
Orlando, FL 32801.2366

Nancy A. Johnson
407.393.2925 direct
407.393.2900 main
407.386.8572 fax
najohnson@littler.com

January 13, 2023

**VIA E-MAIL**

The Honorable Donna M. Keim
Alachua County Family and Civil Justice Center
201 East University Avenue, Room 416
Gainesville, FL 32601

**Re:    Rene Owens v. United Parcel Services, Inc.
       Case No.: 22-CA-003561**

Dear Judge Keim:

In compliance with your Policies and Procedures, attached please find the proposed Order Granting Defendant's Unopposed Motion to Vacate and Set Aside Default in the above referenced matter for your review and approval. I have also enclosed a copy of Defendant's Unopposed Motion to Vacate and Set Aside Default, which was filed on January 13, 2023.

The undersigned advises the Court that opposing counsel has approved the form of this proposed Order, and is copied on this transmittal letter. Should you require anything further, please do not hesitate to contact me.  Thank you.

Respectfully,

**LITTLER MENDELSON, P.C.**

/s/ *Nancy A. Johnson*
Nancy A. Johnson

NAJ/vmk
Encls.
cc:    Kyle J. Lee, Esquire, (via e-mail)

*No enclosure included when Received by Clerk*

*LBaginet*

littler.com



IN THE CIRCUIT COURT FOR THE
EIGHTH JUDICIAL CIRCUIT IN AND FOR
ALACHUA COUNTY, FLORIDA

RENE OWENS,                          )
                                     )
                Plaintiff,           )          CASE NO. 22-CA-003561
                                     )
v.                                   )
                                     )
UNITED PARCEL SERVICE, INC.,         )
                                     )
                Defendant,           )
_____/

## ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), pursuant to Rule 1.140 of the Florida Rules of Court Procedure, hereby answers Plaintiff's Complaint and Demand for Jury Trial and states its defenses as follows:

## NATURE OF CASE

Defendant admits Plaintiff has attempted to state claims of race discrimination under the Florida Civil Rights Act (Chapter 760 of the Florida Statutes). Defendant denies Plaintiff has stated a viable cause of action or is entitled to any relief whatsoever.

## PARTIES

1.      Upon information and belief, Defendant admits that Plaintiff is an African-American male. Defendant denies all remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

## JURISDICTION

7.      Defendant admits that Plaintiff claims in his Complaint and his Civil Cover Sheet to be entitled to between $55,301.16 and $75,000.00 but denies that Plaintiff is entitled to such damages or any other relief in this action.

8.      Defendant denies it is incorporated in Florida.  Defendant admits the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. Defendant is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore denies the same.

11.     Paragraph 11 contains legal conclusions to which no response is required. Defendant admits that it employed Plaintiff in Alachua County, Florida. Defendant denies all remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits that it employed Plaintiff in Alachua County,

Florida. Defendant denies all remaining allegations in Paragraph 12 of the Complaint.

13.    Defendant admits the allegations in Paragraph 13 of the Complaint.

14.    Defendant admits Plaintiff has attempted to state claims of race discrimination under the Florida Civil Rights Act (Chapter 760 of the Florida Statutes). Defendant denies Plaintiff has stated a viable cause of action or is entitled to any relief whatsoever.

15.    Defendant admits Plaintiff filed a Charge of Discrimination with the City of Gainesville, but denies the remaining allegations in Paragraph 15 of the Complaint.

16.    Paragraph 16 contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

17.    Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 17 contains legal conclusions to which no response is required.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations in Paragraph 20 of the Complaint.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint.

3

23.    Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    Defendant denies the allegations in Paragraph 24 of the Complaint.

25.    Defendant denies the allegations in Paragraph 25 of the Complaint.

26.    Defendant admits Plaintiff asked UPS to adjust his route but denies the remaining allegations in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations in Paragraph 29 of the Complaint.

30.    Defendant denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.    Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.    Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.    Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35.    Defendant denies the allegations in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Defendant admits that Plaintiff complained about alleged race discrimination in the workplace. Defendant denies all remaining allegations in Paragraph 38 of the Complaint.

39.    Defendant admits Plaintiff filed complaints alleging race discrimination and harassment in the workplace by Mr. Dobbs.  However, after investigation, Defendant is unable to find a complaint filed by Plaintiff on January 27, 2021, and therefore denies such allegation.

40.    To the extent this paragraph calls for a legal conclusion no response is required.  Defendant denies it was aware of conduct whereby Mr. Dobbs harassed any employee in the workplace regardless of race.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations in Paragraph 42 of the Complaint.

43.    Defendant admits Plaintiff complained about being treated differently due to his race.  However, after investigation, Defendant is unable to find such complaint made on April 24, 2021, and therefore denies such allegation.

44.    Defendant denies the allegations in Paragraph 44 of the Complaint.

**COUNT I**
**Race Discrimination in Violation of FCRA**

45.    Defendant re-alleges and adopts the allegations of Paragraphs 1 through 44 of this Answer, as if fully stated herein.

46.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 46 contains legal conclusions to which no response is required.

47.     Defendant admits the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     After reasonable investigation, Defendant is unaware of any employee, regardless of race, disciplined for "having electronic issues" or for "delivering packages to the front office of an apartment complex."  Defendant denies it allowed any employees, regardless of race, to adjust their routes as it understands that phrase.  Defendant denies all remaining allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 contains solely legal conclusions to which no response is required.

55.     Paragraph 55 contains solely legal conclusions to which no response is required.

56.     Paragraph 56 contains legal conclusions to which no response is

required. Defendant admits that it employed Plaintiff. Defendant denies all remaining allegations in Paragraph 56 of the Complaint.

57.    Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 57 contains legal conclusions to which no response is required.

58.    Defendant admits Plaintiff filed a Charge of Discrimination with the City of Gainesville, but denies the remaining allegations in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations in Paragraph 60 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 60 of the Complaint. Defendant acknowledges that Plaintiff has made demand for a jury trial but denies that there is any issue that should be so tried.

## COUNT II
## Retaliation in Violation of FCRA

61.    Defendant re-alleges and adopts the allegations of Paragraphs 1 through 44 of this Answer, as if fully stated herein.

62.    Defendant denies the allegations in Paragraph 62 of the Complaint.

63.    Upon information and belief, Defendant admits the allegations in Paragraph 63 of the Complaint.

64.     Upon information and belief, Defendant admits that Plaintiff is an African-American male. The remainder of Paragraph 64 contains legal conclusions or opinions of Plaintiff to which no response is required.

65.     Defendant admits that it employs more than fifteen employees. The remainder of Paragraph 65 contains legal conclusions to which no response is required.

66.     Paragraph 66 contains solely legal conclusions to which no response is required.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Paragraph 71 contains solely legal conclusions to which no response is required.

72.     Paragraph 72 contains legal conclusions to which no response is required.  As to any factual allegations, Defendant denies those allegations in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 73 of the

Complaint. Defendant acknowledges that Plaintiff has made demand for a jury trial but denies that there is any issue that should be so tried.

## GENERAL DENIAL

To the extent not expressly admitted herein, all allegations in Plaintiff's Complaint are hereby denied.

## STATEMENT OF DEFENSES

Defendant asserts the following defenses, without prejudice to its rights to argue that Plaintiff bears the burden of proof regarding some or all these defenses:

## FIRST DEFENSE

Plaintiff's claims fail, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are preempted, completely or in part, by federal labor law, including without limitation under Section 301 of the National Labor Relations Act and by virtue of *Garmon* preemption.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the allegations in the Complaint were not raised in a timely-filed charge of discrimination or are inconsistent with or exceed the scope of the allegations in the alleged charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), orany other state or local agency.

## FIFTH DEFENSE

Plaintiff's retaliation claims fail, in whole or in part, because Plaintiff did not engage in any protected activity under the Florida Civil Rights Act.

## SIXTH DEFENSE

Any and all actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof were based on legitimate, non-discriminatory, and non-retaliatory business reasons, were taken without regard to any alleged protected characteristic or protected activity by Plaintiff and were not pretextual.

## SEVENTH DEFENSE

Plaintiff's race and or alleged engagement in protected activity were not motivating factors in Defendant's decision to terminate Plaintiff's employment (or any other adverse employment action).

10

## EIGHTH DEFENSE

Assuming *arguendo* Defendant based any decision concerning Plaintiff on unlawful grounds or had an improper motive, which Defendant expressly denies, Plaintiff's claims are barred, in whole or in part, because the same decisions would have been made with regard to Plaintiff's employment even in the absence of such a factor or improper motive.

## NINTH DEFENSE

Defendant has made a good-faith effort to prevent retaliation and discrimination in its workplace, and thus cannot be liable for the decisions of its agents, or for punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with any anti-retaliation or anti-discriminationstatutes.

## TENTH DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff failed to take advantage of opportunities to avoid the alleged harm or to otherwise act reasonably to avoid the alleged harm about which Plaintiff now complains. Specifically, Plaintiff failed to avail himself of Defendant's effective and widely disseminated policy, which prohibits discrimination and retaliation and provides a reasonably available procedure by which Plaintiff could bring complaints resulting in prompt

remedial action reasonably calculated to end such alleged discrimination or retaliation.

## ELEVENTH DEFENSE

Alternatively, to the extent Plaintiff availed himself of Defendant's policy (which prohibits discrimination and retaliation and provides a reasonably available procedure by which Plaintiff could bring complaints), Defendant took prompt remedial action reasonably calculated to end such alleged discrimination or retaliation.

## TWELFTH DEFENSE

There is no causal connection between any exercise of protected rights by Plaintiff and any adverse employment action Plaintiff might have suffered.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the equitable doctrines of estoppel, waiver, and/or unclean hands, based upon Plaintiff's course ofconduct during and after employment.

## FOURTEENTH DEFENSE

Plaintiff's claims (including punitive damages) are barred, in whole or in part, to the extent any unlawful or other wrongful acts were committed by any person(s) employed by Defendant, such acts, if any, were outside the scope of their

authority; were not authorized, ratified nor condoned by Defendant; nor did Defendant know or have reason to be aware of such conduct.

## FIFTEENTH DEFENSE

Assuming *arguendo* Plaintiff is entitled to recover back pay, front pay, and other damages, which Defendant denies, Plaintiff's claims are barred, in whole or inpart, due to Plaintiff's failure to mitigate damages by using reasonable diligence to seekand obtain comparable employment elsewhere.

## SIXTEENTH DEFENSE

Assuming *arguendo* Plaintiff is entitled to recover any damages as a result of Defendant's actions, which Defendant denies, Plaintiff's claim for damages must be set off and/or reduced by wages, compensation, pay, commissions, benefits, and allother earnings or remunerations, profits, and benefits which accrued to Plaintiff afterthe alleged unlawful act.

## SEVENTEENTH DEFENSE

All or part of Plaintiff's alleged compensatory damages were the result of other personal experiences unrelated to the facts and circumstances set forth in Plaintiff's Complaint.

## EIGHTEENTH DEFENSE

Any injuries for which Plaintiff may be seeking relief were caused, in whole or in part, by Plaintiff's own negligent or intentional acts or omissions.

## NINETEENTH DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, to the extent discovery procures after-acquired evidence revealing Plaintiff engaged in misconduct prior to, during, or concurrent with Plaintiff's employment which otherwise would have resulting in Plaintiff's discharge if such conduct were then known to Defendant.

## TWENTIETH DEFENSE

All employment actions taken regarding Plaintiff were reasonable and undertaken based upon a good-faith belief such conduct was not in violation of the FCRA and, therefore, Plaintiff may not recover any punitive damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for damages is barred or limited to the extent Plaintiff seeks recovery of an amount greater than that permissible under federal or state law and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

## RESERVATION OF RIGHTS

Defendant reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE Defendant respectfully requests this Honorable Court: (i) enter judgment in its favor against Plaintiff; (ii) award its costs of suit herein;

(iii) award Defendant reasonable attorneys' fees as may be determined by the Court and/or pursuant to any applicable law, rule, regulation or agreement; and

(iv) grant such other relief as this Court may deem just and proper.

Dated January 19, 2023.          Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Orange Avenue
Suite 1750
Orlando, Florida 32801-2366
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By:   */s/ Nancy A. Johnson*
        Nancy A. Johnson
        Florida Bar No.: 597562
        Email: najohnson@littler.com

        Mikayla E. Almeida
        Florida Bar No.: 1030729
        Email: malmeida@littler.com

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the Florida Courts E-Filing portal which will serve the document electronically by email to all parties.

4856-5187-9753.1 / 110830-1071

*/s/ Nancy A. Johnson*
Nancy A. Johnson

15

# IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA
## CIVIL DIVISION

**RENE OWENS,**                    **Case Number: 22-CA-003561**

      **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

_____/

## PLAINTIFF'S NOTICE OF SERVING
## FIRST SET OF DISCOVERY TO DEFENDANT

COMES NOW, the Plaintiff, RENE OWENS, (hereinafter "Plaintiff"), by and through its

undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, and hereby gives

notice of serving Plaintiff's First Set of Interrogatories and Request for Production to Defendant

via email this 13th day of March 2023.

Respectfully submitted,

Kyle J. Lee

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*

Page **1** of **2**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of March, 2023, a copy of the foregoing has been filed with the Clerk of the Court through the Florida e-filing Portal, which will furnish a copy by email to all counsel on record.


By: /s/ Kyle J. Lee

*Attorney for Plaintiff*

## IN THE CIRCUIT COURT FOR THE
## EIGHTH JUDICIAL CIRCUIT IN AND FOR
## ALACHUA COUNTY, FLORIDA

RENE OWENS,              )
                            )
        Plaintiff,         )      **Case No. 22-CA-003561**
                            )
v.                        )
                            )
UNITED PARCEL SERVICE, INC.,   )
                            )
        Defendant,      )
_____/

## DEFENDANT'S NOTICE OF SERVING
## FIRST SET OF DISCOVERY TO PLAINTIFF

Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), by and through its undersigned counsel and pursuant to Rules 1.340 and 1.370 of the Florida Rules of Court Procedure, hereby gives notice of serving Defendant's First Set of Interrogatories and First Request for Admissions to Plaintiff via email on March 13, 2023.

Dated: April 10, 2023.        Respectfully submitted,

                           LITTLER MENDELSON, P.C.
                           111 North Orange Avenue
                           Suite 1750
                           Orlando, Florida 32801-2366
                           Telephone: (407) 393-2900
                           Facsimile: (407) 393-2929

By:    */s/ Mikayla E. Almeida*
          Nancy A. Johnson
          Florida Bar No.: 597562
          Email: najohnson@littler.com

          Mikayla E. Almeida
          Florida Bar No.: 1030729
          Email: malmeida@littler.com

          *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th day of April, 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the Florida Courts E-Filing portal which will serve the document electronically by email to all parties.

<u>*/s/ Mikayla E. Almeida*</u>
Mikayla E. Almeida

2

**IN THE CIRCUIT COURT**
**OF THE EIGHTH JUDICIAL CIRCUIT**
**IN AND FOR ALACHUA COUNTY, FLORIDA**

**CASE NUMBER: 01-2022-CA-003561**
**Circuit Civil Division J**

**RENE  OWENS,**
  **Plaintiff,**

**-vs-**

**UNITED PARCEL SERVICE INC,**
  **Defendant.**

_____

### ORDER SETTING CASE MANAGEMENT CONFERENCE AND
### REQUIRING SUBMISSION OF CASE MANAGEMENT STATEMENT

   Pursuant to Florida Rule of Civil Procedure 1.200(a), and Florida Rule of Judicial Administration 2.545, all parties are hereby required to attend a case management conference on **Tuesday, May 23, 2023,** at **11:00am,** 5 minutes reserved, by Remote Access. It is further ORDERED:

1. All counsel and pro se parties must attend and must have access to their calendars during the conference.

2. All counsel and pro se parties shall be familiar with all pertinent aspects of this case and its progress to date, and shall be prepared to discuss any action which the Court may take to:
   a. schedule or reschedule the service of motions, pleadings, and other papers;
   b. set or reset the time of trials, subject to rule 1.440(c);
   c. coordinate the progress of the action if complex litigation factors are present;
   d. limit, schedule, order, or expedite discovery;
   e. schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
   f. schedule or hear motions in limine;
   g. pursue the possibilities of settlement;
   h. require filing of preliminary stipulations if issues can be narrowed;
   i. consider referring issues to a master for findings of fact;
   j. schedule other conferences or determine other matters that may aid in the disposition of the action.

"2022 CA 003561" 170821348 Filed at Alachua County Clerk 04/12/2023 10:32:47 AM EDT

3. All counsel and pro se parties shall, not less than fifteen (15) working days before the conference, efile a written case management statement which contains the following:
   a. brief description of the nature of the case;
   b. a listing of all claims and defenses which remain for trial;
   c. a statement as to whether the case is at issue within the meaning of Rule 1.440(a), Fla.R.Civ.P., and is ready to be set for trial;
   d. if the case is not at issue, a listing of any motions which need to be resolved by the Court prior to scheduling trial;
   e. a statement as to whether the claims remaining for trial have been mediated. If not, then the party should state whether or not mediation has been scheduled and, if so, the date, time and place of the mediation and the name of the mediator should be set forth;
   f. fan estimate of the time needed to conduct discovery;
   g. a proposed trial date and estimated length of trial;
   h. a statement as to whether the case should be set for jury or non-jury trial; and
   i. if the proposed trial date is not within the time standards set forth in Fl. R. Jud. Admin. 2.250(a)(1)(B), a detailed explanation as to why the case should be set outside of these time standards.

4. No later than 10 days before the scheduled Case Management Conference, counsel for all parties shall confer and determine whether they are in agreement as to the proposed trial date and length of the trial. (Jury trial dates are published on the Eighth Judicial Circuit website under Judge Keim's divisional instructions. Non-jury trial dates may be obtained by emailing the court's judicial assistant). **No later than 5 days before the scheduled Case Management Conference, the parties shall email the court's judicial assistant and advise whether they have agreed upon a trial date and length of the trial and whether there are any issues the parties need to address at the Case Management Conference. If the agreed upon time is available on the court's calendar and is in compliance with the time requirements set forth in Fl. R. Jud. Admin. 2.250(a)(1)(B), and the parties do not have any issues to address at the Case Management Conference, the court will enter an order cancelling the Case Management Conference and scheduling the trial for the agreed upon trial term**.

5. Failure to attend the conference or otherwise comply with the provisions of this Order may result in dismissal of this action or any claims made herein, striking of pleadings or portions thereof, limitations of proof or witnesses, or other appropriate sanctions.

6. Remote Hearing Information:
   Platform: Zoom: www.zoom.us
   Meeting ID: 962 6928 3356
   Password: 900039
   Call In Number: (786) 635-1003

Please review and comply with the Zoom procedures which may be found at: https://circuit8.org/zoom-guidelines/

7. Connecting to the Zoom Hearing: The Court will be hosting the hearing and there is no cost to any participant. You will need a computer with a web cam and microphone (preferred) or a tablet with Internet access and the Zoom application. You can download the application and register for a free account at www.zoom.us. You may participate in the Zoom hearing via video or telephone. All parties should use the above information to join the hearing prior to the start time. When linking into the meeting, you must enter your full name as a participant, when prompted. Participants may be entered into a virtual waiting room and they will be brought into the hearing when their case is called. Due to high call volume, please expect delays and remain on the line.

8. Decorum and Attire: Although the hearing is being conducted virtually, proper courtroom decorum should be maintained. Participants should be in a quiet setting and minimize any external distractions. Be aware of what is behind you and choose a solid neutral wall, if possible. Please dress like you are coming to the courthouse.

**DONE AND ORDERED** on Wednesday, April 12, 2023.

01-2022-CA-003561 04/12/2023 09:55:23 AM

Donna M. Keim, Circuit Judge
01-2022-CA-003561 04/12/2023 09:55:23 AM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies have been furnished by U.S. Mail or via filing with the Florida Courts E-Filing Portal on Wednesday, April 12, 2023, to the following:


KYLE J LEE, ESQ                          UNITED PARCEL SERVICE INC
kyle@kyleleelaw.com                      C/O CORPORATION SERVICE COMPANY
leeanna@kyleleelaw.com                   1201 HAYS STREET
antionette@kyleleelaw.com                TALLAHASSEE, FL 32301-2525


Mikayla Elizabeth Almeida                Nancy A Johnson
#OrlandoECFiling@littler.com             najohnson@littler.com
vking@littler.com                        #OrlandoECFiling@littler.com
#OrlandoECFiling@littler.com             vking@littler.com


01-2022-CA-003561 04/12/2023 10:32:23 AM

Theresa Hall, Judicial Assistant
01-2022-CA-003561 04/12/2023 10:32:23 AM

**Under the Americans with Disabilities Act, if you are a person with a disability who needs any accommodation in order to participate in a proceeding, you are entitled to be provided with certain assistance at no cost to you. Please contact the ADA Coordinator at (352) 337-6237 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 1-800-955-8770 via Florida Relay Service.**

**IN THE CIRCUIT COURT FOR THE**
**EIGHTH JUDICIAL CIRCUIT IN AND FOR**
**ALACHUA COUNTY, FLORIDA**

| | | |
|---|---|---|
| **RENE OWENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 22-CA-003561** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED PARCEL SERVICE, INC.,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | /| |

### DEFENDANT'S NOTICE OF SERVING  RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), by and through its undersigned counsel, hereby gives notice of serving its Unverified Responses and Objections to Plaintiff's First Set of Interrogatories and its Responses and Objections to Plaintiff's First Request for Production via email on April 28, 2023.

Dated: April 28, 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Orange Avenue
Suite 1750
Orlando, Florida 32801-2366
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By:     */s/ Mikayla E. Almeida*
Nancy A. Johnson
Florida Bar No.: 597562
Email: najohnson@littler.com

Mikayla E. Almeida
Florida Bar No.: 1030729
Email: malmeida@littler.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of April, 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the Florida Courts E-Filing portal which will serve the document electronically by email to all parties.

<u>*/s/ Mikayla E. Almeida*</u>
Mikayla E. Almeida

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA
## CIVIL DIVISION

**RENE OWENS,**                                        **Case Number: 22-CA-003561**

      **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

_____/

### PLAINTIFF'S WRITTEN CASE MANAGEMENT STATEMENT

Plaintiff, Rene Owens ("Plaintiff") is a Black male employed by Defendant as a Preloader. Mr. Owens became employed by Defendant in May 2014. On or about October 2018, Mr. Owens was promoted by Defendant and given the position of Package Driver in Defendant's Gainesville, Florida location. As a Package Driver, Plaintiff was responsible to drive Defendant's delivery truck and deliver packages to Defendant's customers. Plaintiff was an exemplary employee in the Defendant's organization for over 7 years. Despite Plaintiff's qualifications, Plaintiff was treated in a less favorable manner than White Package Drivers. On April 27, 2021, Plaintiff was Terminated by Defendant after making his complaints of race discrimination.

After being denied the same privileges as White Package Drivers, Mr. Owens filed a charge of discrimination with Florida's Commissions on Human Relations. On November 8, 2022, Plaintiff filed a Complaint against United Parcel Services, Inc., alleging claims for race discrimination in violation of the lack in violation of the Florida Civil Rights Act and Chapter 760 of the Florida Statutes.

Plaintiff is a Black man and therefore a member of a protected class due to his race. Plaintiff was qualified to perform the essential functions and responsibilities of a Package Driver. Despite Plaintiff's qualifications, Plaintiff was treated in a less favorable manner than White Package Drivers. Plaintiff was not afforded the same trainings as White Package Drivers.

Defendant was motivated by Plaintiff's race in deciding not to provide Plaintiff with the same training they provided to White Package Drivers. Defendant disciplined Plaintiff because he had issues with equipment provided to him, White employees were not disciplined for having issues with equipment provided to them. Defendant denied Plaintiff of the terms, conditions, privileges and

benefits of employment White drivers received. Defendant denied Plaintiff's request to change his route to perform his duties more efficiently.  Defendant's manager, Corey Wilder, told Plaintiff his route could not be adjusted. Defendant adjusted the delivery routes of White package drivers.

The case is at issue. The time required is 4 days. This will be a jury trial. The Proposed trial date is January 2024. The original action was filed in the Circuit Court Of The Eighth Judicial Circuit in And For Alachua County, Florida, Civil Division.

The claims remaining for trial have not yet been mediated and there is not a scheduled mediation date, time, location or mediator selected. Mediation has not yet been scheduled. The estimated time to conduct the discovery is 6 months. The Proposed trial date is within the standards set forth in Fl. R. Jud. Admin. 2.250 (a)(1) (B).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of May 2023, a copy of the foregoing has been

filed with the Clerk of the Court through the Florida e-filing Portal, which will furnish a copy by

email to all counsel on record.

By: /s/ Kyle J. Lee

*Attorney for Plaintiff*

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION**

**RENE OWENS,**                                   **Case Number: 22-CA-003561**

        **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC.,**

        **Defendant.**

_____/

<u>**PLAINTIFF'S NOTICE TO SET FOR TRIAL**</u>

    Plaintiff, Rene Owens (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby represents that this matter is at issue and ready to be set for trial. Plaintiff estimates the trial will last four (4) days. Plaintiff also requests that this trial be a jury trial. This trial is on the original action.

<u>**CERTIFICATE OF SERVICE**</u>

    I HEREBY CERTIFY that a copy of the foregoing was served upon Defense counsel via the e Filing Portal on May 5, 2023.

    RESPECTFULLY submitted this 5th day of May, 2023.

<u>**/S/ Kyle J. Lee**</u>
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 W. Lumsden Rd. Ste. 303
Brandon Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*
